STATE OF NEBRASKA, APPELLEE, V. JAMES L. TIMM, APPELLANT.

364 N.W.2d 916

Filed April 5, 1985.   No. 84-806.

James L. Timm, pro se.

Paul L. Douglas, Attorney General, and L. Jay Bartel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, James L. Timm, pleaded guilty to use of a firearm in the commission of a felony and was sentenced to imprisonment for 4 to 12 years. The judgment was affirmed on direct appeal by this court on June 20, 1984.

On August 15, 1984, the defendant filed an amended petition

for post conviction relief alleging that the State had failed to disclose evidence of mental instability on the part of the victim, ineffective assistance of counsel, and that the defendant was acting in self-defense at the time the crime was committed.

The trial court found that the first and third grounds alleged in the motion were not a basis for post conviction relief and held an evidentiary hearing as to the second ground. Counsel other than the public defender was appointed to represent the defendant at that hearing. After the hearing the trial court found that the defendant had not been denied the right of effective assistance of counsel.

The defendant has appealed. A prior motion to withdraw by appointed counsel was sustained by this court on November 5, 1984.

The record shows that the public defender conferred with the defendant in person on several occasions and by telephone on other occasions. The public defender testified that in addition to discussing this case in detail with the county attorney on several occasions, he had complete access to the county attorney's files in this matter and had reviewed them in their entirety. The files included police reports, interviews, statements, and other documents relating to the case. He also reviewed the results of a lie detector test given to the victim. After this review the public defender arranged for a meeting with the defendant. They discussed the results of the lie detector test, and the public defender told the defendant that there was enough information to support three additional charges of first degree sexual assault. On these facts the public defender recommended that the defendant accept the plea bargain.

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for

reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland v. Washington*, 466 U.S. ____, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

The record supports the findings of the trial court in all respects. The judgment is, therefore, affirmed.

AFFIRMED.